IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| MARCOS T. HERNANDEZ | § | |
| | § | |
| v. | § | CIVIL ACTION NO. G-04-227 |
| | § | |
| JO ANNE B. BARNHART, | § | |
| COMMISSIONER OF SOCIAL SECURITY | § | |

**<u>REPORT AND RECOMMENDATION</u>**

Before the Court is Plaintiff Marcos T. Hernandez's Writ of Mandamus, filed pursuant to 28 U.S.C. § 1361, seeking an Order to compel the Commissioner of the Social Security Administration ("SSA") to pay Supplemental Security Income ("SSI") benefits for only the closed period of February 9, 1994, through March 30, 1995, as set forth in the Administrative Law Judge's (ALJ) decision dated June 24, 1998. The Commissioner filed an Answer on June 21, 2004. Plaintiff, by way of his attorney,[1] filed a Motion for Summary Judgment on August 31, 2004. The Commissioner filed a Motion to Dismiss pursuant to Rules 12(b)(3) and 12(b)(6) of the Federal Rules of Civil Procedure, seeking dismissal of this action because Plaintiff has not exhausted his administrative remedies, to which Plaintiff filed an Opposition. After considering the parties' motions and the record in this case, the Court submits its Report and Recommendation to the District Court.

---

[1]Plaintiff initially appeared *pro se*.

1

**DISCUSSION**

The facts before this Court reflect that Plaintiff filed an application for supplement security income on February 9, 1994, claiming he was eligible for these benefits because he was disabled. Def.'s Mot. to Dismiss ("Def's Mot."), Ex. 1. Plaintiff's application was initially denied on June 3, 1994, because the SSA determined he was not disabled, and also upon reconsideration. Def.'s Mot., Ex. 2. Plaintiff requested and received a hearing before an Administrative Law Judge (ALJ). On June 24, 1998, the ALJ determined that Plaintiff was disabled within the meaning of the Social Security Act and, therefore, eligible for SSI benefits for the period of February 9, 1994, though March, 1995. The ALJ also found that "effective April 1, 1995, and continuing the claimant is a resident of [a] public institution and therefore no longer eligible for supplemental social security benefits."[2] Def.'s Mot., Ex. 3 (ALJ's decision) at 7.

Although the ALJ made the initial determination that Plaintiff was disabled and, therefore, *eligible* for SSI benefits, the initial determination concerning the amount of the benefits, if any, for this closed period of time remained to be determined by the SSA. 20 C.F.R. § 416.1110, *et. seq.*[3] Following the ALJ's decision concerning Plaintiff's disability, representatives from the SSA attempted to secure additional information from Plaintiff concerning his income so as to determine

---

[2] On March 5, 1995, Plaintiff was incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division. Def.'s Mot., Ex. 3 (ALJ's decision) at 5.

[3] In his Motion for Summary Judgment Plaintiff alleges he is entitled to payment of these benefits and contends that Defendant has already admitted this fact. Contrary to Plaintiff's assertions, there is nothing in the record that reflects Defendant admitted that the S.S.A. "owes him some money." Pl.'s Mot. at 1. Instead, it appears the Defendant merely concedes that the ALJ determined that Plaintiff was disabled and, thus, *eligible* for consideration of SSI benefits for this closed period of time. *Compare* Def.'s Answer at 1 *with* Pl.'s Compl., Part I.

what amount, if any, he was entitled to for the closed period of time. Def.'s Mot., Y. Speights Decl., ¶ 3(d)-(i).[4] For example, SSA requested but never received from Plaintiff his wife's complete date of birth or her social security number. Def.'s Mot., Y. Speights Decl., ¶ 3(i); Ex. 9. On May 13, 2004, an initial determination was made by the SSA that Plaintiff was not entitled to SSI benefits for this closed time period and the records further reflect that he was notified of this fact. Def.'s Mot., Y. Speights Decl., ¶ 3(j).

Once an "initial determination"[5] has been made concerning the amount, if any, of SSI benefits due, a claimant must, if dissatisfied with the determination, request reconsideration or further review in order to properly exhaust his administrative remedies. 20 C.F.R. §§ 416.1400; 416.1402; *see also Califano v. Sanders*, 430 U.S. 99, 102 (1977) ("Act and regulations create an orderly administrative mechanism, with district court review of the final decision" of the Commissioner). Plaintiff does not dispute that he received the May 13, 2004 notification, nor do the records reflect that he appealed this initial determination so as to obtain a final decision from the Commissioner. 20 C.F.R. §§ 416.1481; 422.210. Plaintiff is not appealing from a final decision of the Secretary as is necessary to invoke the jurisdiction of this Court. *Id*. Therefore, Plaintiff has failed to show exhaustion of his remedies before the SSA, and it would appear that this matter is not

---

[4] In her declaration, Yvonne K. Speights states that she is the Acting Chief of Court Case Preparation and Review Branch 4 of the Office of the Appellate Operations, Office of Hearings and Appeals for the SSA.

[5] The Regulations define "initial determinations" as the determinations [the Social Security Administration] make that are subject to administrative and judicial review. The initial determination will state the important facts and give the reasons for [the Social Security Administration's] conclusions. Initial determinations regarding supplemental security income benefits include, but are not limited to, determinations about— (a) Your eligibility for, or the amount of, your supplemental security benefits...." [Emphasis added]. 20 C.F.R. § 416.1402.

ripe for this Court's consideration. Accordingly, this Court **RECOMMENDS** that this action be **DISMISSED** for lack of jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure.

## Conclusion

For the reasons stated above, this Court **RECOMMENDS** that Defendant's Motion to Dismiss (Instrument No. 13) be **GRANTED;** Plaintiff's Motion for Summary Judgment (Instrument No. 10) be **DENIED;** and that this action (Instrument No. 1) be **DISMISSED for lack of jurisdiction because Plaintiff has not exhausted his administrative remedies.**

The Clerk shall send copies of this Report and Recommendation to the Parties. The Parties **SHALL** have until **September 22, 2006**, in which to have written objections, filed pursuant to 28 U.S.C. § 636(b)(1)(C), **physically on file** in the Office of the Clerk. The Objections SHALL be electronically filed and/or mailed to the Clerk's Office at P.O. Drawer 2300, Galveston, Texas 77553. Any Objections filed SHALL be contained in a written document specifically entitled "Objections to the Report and Recommendation of the Magistrate Judge", which will then be forwarded to the District Judge for consideration. Failure to file written objections within the prescribed time **SHALL** bar the aggrieved party from attacking on appeal the factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas, this _____6th_____ day of September, 2006.

_____
John R. Froeschner
United States Magistrate Judge